1  Samantha N. Hoffman (SBN 212135)
   HoffmanS@jacksonlewis.com
2  Nicole M. Shaffer (SBN 244366)
   Nicole.shaffer@jacksonlewis.com
3  JACKSON LEWIS P.C.
   5000 Birch Street, Suite 5000
4  Newport Beach, CA  92660
   (949) 885-1360- Office
5  (949) 885-1380 - Fax

6  Attorneys for Defendant INTERNATIONAL BUSINESS MACHINES
   CORPORATION
7

8

9                    UNITED STATES DISTRICT COURT

10       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  JANE DOE, an individual,            )  CASE NO.   2:16-cv-4914
                                        )
13              Plaintiff,              )  **NOTICE OF REMOVAL OF ACTION**
                                        )  **TO THE UNITED STATES DISTRICT**
14       vs.                            )  **COURT FOR THE CENTRAL**
                                        )  **DISTRICT PURSUANT TO 28 U.S.C.**
15  INTERNATIONAL BUSINESS              )  **§§ 1332(a) AND 1441(a) AND (b)**
    MACHINES CORPORATION, a New         )
16  York Corporation; BRIAN CHU, an     )
    individual and DOES 1-100, inclusive, )  (Filed Concurrently With Certification as
17                                      )  to Interested Parties; Declarations of
              Defendant.                )  Nicole Shaffer and Brian Chu in Support of
18                                      )  Removal; and Notice of Corporate
                                        )  Disclosure)
19                                      )
                                        )
20                                      )
                                        )  **Complaint Filed:      May 26, 2016**
21                                      )
                                        )
22                                      )
                                        )
23  ─────────────────────────────────  )

24

25       **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

26  **THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION AND TO**

27  **PLAINTIFF JANE DOE AND HER ATTORNEYS OF RECORD:**

28

**PLEASE TAKE NOTICE** that Defendant INTERNATIONAL BUSINESS MACHINES CORPORATION ("IBM" or "Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332(a) and 1441(a) and (b) to remove this action from the Superior Court of California for the County of Los Angeles on the grounds of diversity jurisdiction. 28 U.S.C. §§ 1332(a), 1441(a) and (b).

The following statement is submitted pursuant to 28 U.S.C. section 1446(a):

## JURISDICTION

1.     The Court has original jurisdiction over this matter pursuant to 28 U.S.C. sections 1332 and 1441.  This case may be removed pursuant to 28 U.S.C. sections 1332, 1441 and 1446 because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## TIMELINESS OF REMOVAL

2.     Plaintiff JANE DOE ("Plaintiff") filed a Complaint against IBM, a New York Corporation, and Brian Chu, an individual, on May 26, 2016, in Los Angeles Superior Court, which the state court designated as Case No. BC621761.

3.     Plaintiff served IBM through its California registered agent for service of process, CT Corporation, with the Summons and the Complaint on June 6, 2016 through personal delivery.  A true and correct copy of the Summons and Complaint are attached as Exhibit "A" to Declaration of Nicole M. Shaffer ("Shaffer Decl.") filed concurrently herewith.

4.     Chu, an individual, has not yet been served with the Summons and/or Complaint.  Declaration of Brian Chu ("Chu Decl."), ¶ 4.)

5.     On June 2, 2016, the Court filed a Notice of Case Management Conference, as well as an OSC re Failure to File Proof of Service.  True and correct copies of these documents are attached as Exhibit "B" to Shaffer Decl. filed concurrently herewith.

6.     On June 7, 2016, Plaintiff filed Proof of Service of Summons on IBM.  A true and correct copy of the Proof of Service of Summons is attached as Exhibit "C" to Shaffer Decl. filed concurrently herewith.

7.    On June 9, 2016, Plaintiff filed a Notice of OSC: Hearing re: Proof of Service and CMC.  A true and correct copy of the Notice is attached as Exhibit "D" to Shaffer Decl. filed concurrently herewith.

8.    The exhibits attached to the Shaffer Decl. constitute all the pleadings that have been served or filed in this matter.  [See Shaffer Decl., ¶ 7.]

9.    Defendant's removal is timely because it has been filed within thirty (30) days after IBM was first served with a copy of Plaintiff's Summons and Complaint, the initial pleading upon which this removal is based, on June 6, 2016.  (Shaffer Decl., ¶ 8. See 28 U.S.C. section 1446(b); CCP §412.20(a)(3).  Thus, Defendant's removal is therefore filed within the time period mandated by 28 U.S.C. Section 1446(b).

## REMOVAL BASED ON DIVERSITY JURISDICTION

### Diversity of Citizenship

10.    Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed.  Grupo Dataflux v. Atlas Global Group, LP, 541 U.S. 567, 571 (2004).

11.    Defendant is informed and believes, as alleged by Plaintiff in the Complaint, that Plaintiff was, at the time this action was commenced, and still is, a resident and citizen of the State of California.  (See, Exh. A, Complaint at ¶ 2.)

12.    A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c).  With respect to ascertaining a corporation's principal place of business for purposes of diversity jurisdiction, the United States Supreme Court has adopted the "nerve center test." Hertz v. Friend, 130 S. Ct. 1181, 1186 (2010).  Under the nerve center test, a corporation's principal place of business is where a corporation's high level officers direct, control and coordinate the corporation's activities.  Id.  A corporation can only have one "nerve center."  Id. at 93-94.  In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the

1  company and will no longer weigh corporate functions, assets, or revenues in each state.

2  Id.

3      13.    IBM was, at the time of filing the Complaint in state court and at the time of

4  removal still is, a New York corporation with its principal place of business in New

5  York. (See, Exh. A, Complaint at ¶ 3; See also Printout from California Business Portal

6  and   IBM   Corporate   Headquarters   Contact   information,   available   at

7  http://www.ibm.com/contact/us/en/?lnk=ft and attached hereto as Exhibits E and F to

8  Shaffer Decl. filed concurrently herewith.  Accordingly, based on the "nerve center" test,

9  IBM is a citizen of New York. 28 U.S.C. § 1332(a)(1); Hertz v. Friend, 130 S. Ct. 1181

10  (2010).

11      14.    Individual defendant Chu, although not served, is and was, at the time of

12  filing the Complaint in state court, and at the time of removal, a citizen and resident of

13  Washington, and intends to remain as such.  Chu Decl. at ¶¶ 3, 4.

14      15.    Complete diversity of citizenship between the parties exists within the

15  meaning of 28 U.S.C. section 1332.

16                      Basis for Amount in Controversy

17      16.    The Complaint does not specify the total amount of monetary relief sought.

18  However, the failure of the Complaint to specify the total amount of monetary relief

19  sought by Plaintiff does not deprive this Court of jurisdiction.  See  White v. J.C. Penney

20  Life Ins. Co., 861 F.Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove suit to

21  federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in

22  controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by

23  declining….to place a specific dollar value upon its claim.")  A defendant need only

24  establish by a preponderance of the evidence that it is more probable than not that the

25  plaintiff's claimed damages exceed the jurisdictional minimum.  Sanchez v. Monumental

26  Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1997).  Further, in determining whether a

27  complaint meets the amount in controversy threshold for a removal under 28 U.S.C.

28  § 1332(a), a court may consider the aggregate value of claims for compensatory damages

and attorney's fees. See e.g., Goldberg v. CPC Int'l, Inc., 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney's fees may be taken into account to determine jurisdictional amount); Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fees can be considered in determining whether the jurisdictional amount is met.").

17.     In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of his claims. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp. 993, 1001 (C.D. Cal. 2002) (citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").   The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied.  Cohn v. Petsmart, Inc., 281 F.3d 837, 843, n.1, (9th Cir. 2002) (citing Willingham v. Morgan, 395 U.S. 402, 407 n.3 (1969)).

18.     The amount in controversy may include general and special compensatory damages and attorney's fees which are recoverable by statute.  Galt v. JSS Scandinavia 142 F.3d 1150, 1155-56 (9th Cir. 1998).  The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases.

19.     Ninth Circuit cases firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy.  See Galt, supra, 142 F.3d at 1155-56.  Furthermore, such fees are calculable beyond the time of removal.  Simmons, supra, 209 F.Supp.2d at 1035.

20.     Punitive damages are also included in calculating the amount in controversy. Davenport v. Mutual Ben. Health & Acc. Ass'n 325 F.2d 785, 787 (9th Cir. 1963); see also Aucina v. Amoco Oil Co., 871 F.Supp. 332 (S.D. Iowa 1994).

21.    Although the Complaint does not allege a specific amount in controversy, it can be readily ascertained that the amount in controversy exceeds the requisite $75,000, exclusive of interest and costs.   28 U.S.C. § 1332(a).   Indeed, Plaintiff's Complaint alleges Fraudulent Inducement; Negligent Misrepresentation; Intentional Infliction Of Emotional Distress; Discrimination In Violation Of Gov't Code §§12940 Et Seq.; Retaliation In Violation Of Gov't Code §12940(H); Failure To Accommodate Disability And Failure To Engage In An Interactive Process In Violation Of §§12940 Et Seq.; Failure To Prevent Discrimination, Harassment, And Retaliation In Violation Of Gov't Code §12940(K); Wrongful Termination In Violation Of Public Policy; For Declaratory Judgment; Waiting Time Penalties (Cal. Labor Code §§201-203); Intentional Interference With Prospective Economic Advantage; Promissory Estoppel; and Defamation.   Indeed, Plaintiff asserts that her annual total cash compensation was estimated at $237,805, and that she was eligible for a "competitive bonus program".   See, Exh. A, Complaint ¶ ¶ 13,14.   Plaintiff claims entitlement to past and future lost wages, as well as incentive compensation and benefits.   See, Exh. A, Complaint at ¶ 87.   Moreover, Plaintiff's Prayer for Relief seeks: compensatory damages including lost wages, bonus, incentive pay, and other benefits, special damages, general damages for mental pain, anguish, and emotional distress, for waiting time penalties, punitive damages, costs of suit, and statutory attorneys' fees.

22.    Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail, the punitive damages alone could exceed the $75,000 jurisdictional minimum.   Moreover, Plaintiff's lead attorney, Lisa L. Maki, was admitted to practice in California in 1992.   See Printout from California State Bar website for Ms. Maki's information                                                                                                        at http://members.calbar.ca.gov/fal/MemberSearch/QuickSearch?FreeText=Lisa%20Maki attached as Exhibit G to Shaffer Decl.   Defense attorney, Nicole M. Shaffer, has been practicing for approximately 10 years in California, and is familiar with fees requested by plaintiff's counsel in similar actions filed in California state and federal courts alleging

Fair Employment and Housing Act violations and related claims. [See Shaffer Decl., ¶ 12.] Based on Ms. Maki's experience, and Plaintiff's allegations, it would not be unreasonable to expect that Plaintiff's attorney's fees will exceed the sum of $75,000.

23. Accordingly, Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy as it cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount. <u>Anthony v. Security Pacific Financial Services, Inc.</u> 75 F.3d 311, 315 (7th Cir. 1996); <u>Watson v. Blankinship</u> 20 F.3d 383, 386-87 (10th Cir. 1994).

24. For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and this action may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

<b><u>VENUE</u></b>

25. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1332(a) because the state action was filed in this District and this is the judicial district in which the action arose.

<b><u>NOTICE TO COURT AND PARTIES</u></b>

26. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal will filed with the Clerk of the Superior Court for the State of California, County of Los Angeles.

Dated:  July 6, 2016                    JACKSON LEWIS P.C.


                                        By: _____
                                            Samantha N. Hoffman
                                            Nicole M. Shaffer

                                        Attorneys for Defendant INTERNATIONAL
                                        BUSINESS MACHINES CORPORATION