# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:** INTERNATIONAL BUSINESS MACHINES
**(AVISO AL DEMANDADO):** CORPORATION, a New York
corporation; BRIAN CHU, an individual; and DOES 1-
100, inclusive

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

**MAY 2 6 2016**

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** JANE DOE, an individual
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es:)<br>LOS ANGELES COUNTY SUPERIOR COURT<br>111 NORTH HILL STREET<br>111 NORTH HILL STREET<br>LOS ANGELES, CA  90012 | (Número del Caso:) **BC 6 2 1 7 6 1** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)
Lisa L. Maki (SBN 158987)                    ph. (213) 745-9511   fx. (213) 745-9611
Law Offices of Lisa L. Maki
523 W. 6th Street, Suite 450
Los Angeles, California 90015 SHERRI R. CARTER                    **M. Soto**

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| (Fecha) **MAY 2 6 2016** | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York
corporation

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal<br>Solutions<br>⚖ Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

2:16-cv-4914

**Exhibit A Page 4**

1  **LAW OFFICES OF LISA L. MAKI**
ATTORNEYS AT LAW
2  523 West 6th Street, Suite 450
Los Angeles, California 90014
3  TELEPHONE (213) 745-9511
FACSIMILE (213) 745-9611

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 2 6 2016

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

4  Lisa L. Maki, State Bar No. 158987
Jennifer Ostertag, State Bar No. 204422

5

6  Attorneys for Plaintiff JANE DOE

7

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **FOR THE COUNTY OF LOS ANGELES, CENTRAL**

10

11  JANE DOE, an individual,    CASE NO.  **BC 6 2 1 7 6 1**

12           Plaintiff,    **COMPLAINT FOR DAMAGES FOR:**

13  v.    1.  **FRAUDULENT INDUCEMENT;**

14  INTERNATIONAL BUSINESS MACHINES    2.  **NEGLIGENT**
CORPORATION, a New York corporation;    **MISREPRESENTATION;**
15  BRIAN CHU, an individual; and DOES 1-100,
inclusive,    3.  **INTENTIONAL INFLICTION OF**
16    **EMOTIONAL DISTRESS;**
           Defendants.
17    4.  **DISCRIMINATION IN VIOLATION**
    **OF GOV'T CODE §§12940 ET SEQ.;**
18
    5.  **RETALIATION IN VIOLATION OF**
19    **GOV'T CODE §12940(h);**

20    6.  **FAILURE TO ACCOMMODATE**
    **DISABILITY AND FAILURE TO**
21    **ENGAGE IN AN INTERACTIVE**
    **PROCESS IN VIOLATION OF**
22    **§§12940 ET SEQ.;**

23    7.  **FAILURE TO PREVENT**
    **DISCRIMINATION, HARASSMENT,**
24    **AND RETALIATION IN VIOLATION**
    **OF GOV'T CODE §12940(k);**
25
    8.  **WRONGFUL TERMINATION IN**
26    **VIOLATION OF PUBLIC POLICY;**

27    9.  **FOR DECLARATORY JUDGMENT;**

28    10. **WAITING TIME PENALTIES (CAL.**

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9511
Fax: (213) 745-9611

COMPLAINT FOR DAMAGES

2:16-cv-4914

LABOR CODE §§201-203);

11.  **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**

12.  **PROMISSORY ESTOPPEL; AND**

13.  **DEFAMATION**

 **[DEMAND FOR JURY TRIAL]**

COMES NOW PLAINTIFF, **JANE DOE,** and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1.   This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was to be performed by Plaintiff in Los Angeles County.

## THE PARTIES

2.   Plaintiff, JANE DOE, is and at all times relevant hereto was a resident over forty (40) years of age of the State of California, County of Los Angeles.

3.   Defendant INTERNATIONAL BUSINESS MACHINES CORPORATION (hereinafter referred to as "IBM") is a New York corporation with its principal place of business at 1 New Orchard Road, Armonk, New York, 10504.  IBM transacts business and maintains offices in Agoura Hills in the County of Los Angeles, State of California, and elsewhere in the State of California.

4.   Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, IBM was Plaintiff's employer within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, regularly employs five (5) or more persons, and is therefore subject to the jurisdiction of this court.

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9511
Fax: (213) 745-9611

2:16-cv-4914

-2-
COMPLAINT FOR DAMAGES

Exhibit A Page 6

5.   Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant BRIAN CHU is and was IBM's Internet of Things (IoT) Facilities Manager and Plaintiff's hiring manager and supervisor.

6.   The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-100, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this Complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff.  Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

7.   Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

8.   Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

9.   Plaintiff has filed complaints of discrimination, harassment, retaliation, failure to accommodate disability or engage in an interactive process, failure to prevent discrimination, harassment, or retaliation, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH"), and has satisfied her administrative prerequisites with respect to these and all related filings.

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9511
Fax: (213) 745-9611

2:16-cv-4914

-3-
COMPLAINT FOR DAMAGES

Exhibit A Page 7




## FACTUAL ALLEGATIONS

10. IBM employed Plaintiff as an IoT Asset Management Sales Specialist for a week, from February 22 to 26, 2016, when Plaintiff was suddenly wrongfully terminated.

### Background

11. In the fall of 2015, Plaintiff was interviewed by two IBM executives, Vice-President for Sales Mark Mullaney and Travis Phillips. The executives told Plaintiff they wanted to hire her without informing the hiring manager, BRIAN CHU, ahead of time. Instead, they explained, CHU would be informed "at the back end of things." According to the executives, CHU wanted to relocate to Asia, but had not done so yet. Plaintiff interviewed with CHU around the first week in October 2015. Subsequently, CHU told Plaintiff verbally and by email that IBM intended to hire her. An offer was being prepared for Plaintiff and would be sent to her when it was approved.

12. Before Plaintiff's offer could be approved, however, IBM went through a process of re-organization and all offers were put on hold until the New Year.

13. Plaintiff received IBM's letter offering employment as an IoT Asset Management Sales Specialist in Agoura Hills, California, on January 6, 2016. Plaintiff's annual total cash compensation was estimated at $237,805.00 with a base salary of $130,000.00 and sales incentives of $107,805.00. Plaintiff's position was classified as exempt.

14. In addition to her salary and sales incentives, the offer letter indicated that Plaintiff would be eligible for a competitive benefits program, including a portfolio of health care benefits; income protection in case of serious injury, illness, or death; life insurance and disability benefits; vacation, holiday, and personal leave pay; and a retirement program designed to help build future financial security. The offer letter promised that Plaintiff would become eligible for such benefits on the first day of her employment. Plaintiff was also to be paid a $20,000 hiring bonus.

15. The Human Resources (HR) recruiting team told Plaintiff that she was required to attend a three-day orientation at the beginning of her employment. Plaintiff accepted the offer and initially opted to go to the February 8, 2016 orientation in Austin, Texas.

16. Plaintiff notified CHU, her hiring manager, that the timing of her start on February 8th seemed perfect because she had had successful abdominal surgery on December 23, 2015.

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
533 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9511
Fax: (213) 745-9611

2:16-cv-4914

-4-
COMPLAINT FOR DAMAGES

Exhibit A Page 8

1   Plaintiff's flights and hotel were booked and Plaintiff was all ready to go. Unfortunately, at the

2   last minute, Plaintiff contracted influenza which caused her to cough so violently she tore muscles

3   in her abdomen related to her surgery. Plaintiff's temperature was 103 degrees and her doctor

4   advised her not to fly. Reluctantly, Plaintiff notified CHU that, based on her doctor's advice,

5   because of her illness and its effect on her recovery from her abdominal surgery, she was unable to

6   attend the orientation session in Austin after all. Plaintiff told this to CHU over the phone and he

7   could hear Plaintiff in pain, coughing, and barely able to speak. He said to Plaintiff, "Wow, you

8   sound horrible." CHU was fully aware of Plaintiff's condition. CHU told Plaintiff it was okay and

9   that she did not have to go to the orientation. Instead, CHU advised Plaintiff that her official start

10  date would be on February 22, 2016, at the IBM trade show in Las Vegas, Nevada. Plaintiff asked

11  CHU if she should attend this show since she was still not feeling 100% better. She also reminded

12  CHU that HR told her that she had to attend a 3 day orientation prior to beginning "any" work.

13  Plaintiff was surprised CHU had her attend this conference when this was against the IBM HR

14  rules for onboarding a new hire.

15      17. CHU was on vacation the week before Plaintiff's start date, but arrangements were

16  made for Plaintiff's hotel accommodations and flights to and from Las Vegas.

17      18. According to the IBM on-boarding process, both Plaintiff and CHU were instructed to

18  report to the IBM Las Vegas office on February 22, 2016, at 9:00 a.m. to complete paperwork so

19  Plaintiff flew to Las Vegas.

20      19. Plaintiff was instructed by CHU to arrive at the IBM Conference on Sunday February

21  21, 2016 by 3:00pm so she could attend an event he wanted her to attend. Plaintiff was concerned

22  because she was not an official IBM employee and HR told her to report to the IBM office in Las

23  Vegas on her first day of employment on February 22nd but CHU insisted she arrive Sunday

24  afternoon.

25      20. CHU met her in the lobby of her hotel, the Mandalay Bay, at approximately 3:00 p.m.

26  and provided Plaintiff with her IBM laptop. CHU told Plaintiff that he had not received any

27  paperwork for her to sign, or her IBM Corporate Credit card so she could pay for her trip expenses

28  only the laptop, and that Plaintiff needed to go to her room, follow up with HR, and get the laptop

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
323 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9511
Fax: (213) 745-9611

2:16-cv-4914

-5-
COMPLAINT FOR DAMAGES

Exhibit A Page 9




1   set up. Before he left, CHU said he would call Plaintiff when he was on his way to the event he

2   wanted Plaintiff to attend.

3       21. Accordingly, Plaintiff went to her room to set up the laptop and await CHU's call. At

4   4:30 p.m., CHU texted Plaintiff (not called) as he indicated he would to inform her that he was

5   heading to the event and instructed Plaintiff to go to "Room A & D" where he would introduce her

6   to colleagues and Plaintiff responded she would be there in 10 minutes.

7       22. However, as Plaintiff soon discovered, "Room A & D" was incorrect information.

8   Conference rooms at the hotel had specific names, like Mandalay Bay, Oceanside, and Seaside, for

9   example.

10      23. Plaintiff repeatedly tried to call and text CHU, but there was no response. It was a

11  private event, so it was not listed on the IBM schedule. Plaintiff asked a number of people,

12  including hotel employees, where the event was being held, but no one knew. Plaintiff also tried

13  the IBM information booth, where she asked an IBM employee to call CHU. The IBM

14  information booth called CHU, but he never responded. Consequently, Plaintiff had to continue

15  looking for the correct room to meet CHU. Plaintiff was directed to the Ocean Room, where a

16  huge summit was taking place. Plaintiff sat down to listen for a while, but in due course, Plaintiff

17  figured out it was not the venue she was looking for. Plaintiff got up and walked around looking

18  for CHU, but did not find him. A group of women offered to help Plaintiff find the correct room.

19  Together, they walked to nearly every room at the hotel conference center until they finally found

20  the right room where the event was being held. Plaintiff had become extremely tired due to her

21  recent surgery and torn muscles due to coughing from influenza and walking around the hotel

22  trying to find the correct room.

23      24. It had been over an hour since Plaintiff had notified CHU that she would meet him in

24  10 minutes. When Plaintiff finally found him, CHU was so angry at Plaintiff he yelled at her in

25  front of a crowd of onlookers, berated her for being late, then pulled Plaintiff aside and yelled at

26  her some more. The yelling took place in a public area that had been set up for the employees as a

27  lounge area.

28

LAW OFFICES OF LISA L. MARI
ATTORNEYS AT LAW
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9311
Fax: (213) 745-9611

2:16-cv-4914

-6-
COMPLAINT FOR DAMAGES

Exhibit A Page 10

25. Then CHU told Plaintiff that "things have changed" and Plaintiff might not even be selling the product she was hired for. Still angry, CHU introduced Plaintiff to a few people perfunctorily, and then told her he was going to another event and Plaintiff could not attend. Before he left, CHU told Plaintiff to go to her room and write down the sessions she wanted to attend for the week. Plaintiff complied, but she was shocked by what had just occurred.

26. Despite CHU's fault in the matter, CHU blamed Plaintiff for his own incompetence while repeatedly admonishing Plaintiff in public for it. CHU threatened to modify the terms of IBM's offer of employment to Plaintiff.

27. Plaintiff had received email messages from HR reminding her to report to the IBM Las Vegas office at 9:00 a.m. on February 22nd. Plaintiff reminded CHU about it. In response, CHU said he knew nothing about it and failed and refused to look into it. CHU told Plaintiff they were not going to the IBM office. Instead, CHU instructed Plaintiff to go a session of the trade show at the MGM Grand. CHU said he would meet Plaintiff there and instructed her to take shuttle transportation. He did not go with her.

28. Plaintiff went outside and got in the long line for the shuttle. The line was moving very slowly. Plaintiff was still recovering from her abdominal operation, and after standing in the line for a while, Plaintiff's abdomen began to hurt. After 30 to 45 minutes of waiting for the shuttle, Plaintiff was unable to stand it any longer because her side was hurting from the torn muscles from surgery and coughing so much from the flu. After one session, Plaintiff was supposed to return to the Mandalay Bay anyway. It would have made no sense for Plaintiff to make her way all the way over to the MGM Grand, only to have to turn around when she got there.

29. Plaintiff decided to stay at the Mandalay Bay. She tried to call and text CHU to tell him she was not going to the MGM Grand after all and would meet him back at the Mandalay Bay when he returned and she even called from the Mandalay Bay hotel phone but never received a response from Chu.

30. Subsequently, CHU claimed he texted Plaintiff, but she never received his texts.

31. In any event, Plaintiff went back inside the Mandalay Bay to attend a session there.

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9211
Fax: (213) 745-9211

2:16-cv-4914                    COMPLAINT FOR DAMAGES
                                        -7-

Exhibit A Page 11

 

1    32. After lunch, around 1:00 p.m., Plaintiff returned to her room for a few minutes and
2    took medicine for her abdomen, and put pads in her shoes for comfort.

3    33. Plaintiff was only in her room for a short period when there was a loud banging at the
4    door.

5    34. It was hotel security passing along a message that her manager/husband was trying to
6    reach her.

7    35. When Plaintiff used the hotel phone to call CHU, he went absolutely crazy. CHU
8    called Plaintiff names, yelled that something was wrong with her, that she had some sort of mental
9    issue, that something was not right, that she was not at the MGM Grand, and that Plaintiff should
10   give him a good reason why he should not fire her right on the spot.

11   36. In the end, CHU told Plaintiff that he had to talk to the Vice-Presidents about her and
12   would inform her if she still had a job the next day.

13   37. CHU indicated that he was going to talk to the executive vice-presidents who hired
14   Plaintiff behind his back because he was trying to move to Asia.

15   38. Plaintiff became very upset and asked that they go to the IBM office to work things
16   out, as they were instructed to do in the first place.

17   39. CHU admitted that he did not want to get the IBM office involved because of his own
18   miscommunication.

19   40. Outrageously, CHU then ordered Plaintiff to stay in her room for the rest of the day
20   and night. CHU told Plaintiff she was not allowed to leave her room or attend any trade sessions.

21   41. Plaintiff was completely shocked and offended and he made her feel like a criminal.

22   42. Before he hung up the phone, CHU threatened that Plaintiff had better come up with a
23   good reason why CHU should not fire her and that she should have it to him first thing in the
24   morning.

25   43. That night, Plaintiff typed out a detailed complaint about CHU's unprofessional and
26   harassing conduct and sent it by email to HR recruiter Cindy Donovan. Among other things,
27   Plaintiff complained that CHU was abusive and had told her that her job role had changed before
28   it even started.

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-5111
Fax: (213) 745-9611

-8-

2:16-cv-4914    COMPLAINT FOR DAMAGES

Exhibit A Page 12

1    44. Donovan never responded to Plaintiff's complaint on the merits. Plaintiff actually sent

2    Donovan several emails and Donovan never responded to any of them.

3    45. If anyone from IBM followed up on Plaintiff's complaint, no one ever told Plaintiff

4    about it.

5    **Tuesday, February 23, 2016**

6    46. The next day, Plaintiff arrived 15 minutes early at the meeting location which CHU

7    had pre-designated.

8    47. CHU arrived with Mark Mullaney, the Executive Vice-President for Sales with whom

9    Plaintiff had interviewed six months earlier.

10    48. Mullaney explained that they were going to handle the issues in four phases, as set

11    forth below.

12    49. Phase One involved Plaintiff's immediate return of the laptop computer CHU had

13    given her on Sunday, while Mullaney and CHU waited.

14    50. Feeling like a criminal, Plaintiff returned to her room, collected the laptop, returned to

15    the meeting location, and handed the laptop to Mullaney. While returning to the meeting location

16    Plaintiff was called and harassed by Mullaney for taking so long. Her room was on the 18th floor

17    at the end of wing which was a 10 min walk each way.

18    51. Mullaney told Plaintiff to go to her room and wait there until he called her about Phase

19    Two again. Plaintiff felt like a criminal being told to stay in her hotel room.

20    52. In due course, Plaintiff was instructed to meet Mullaney and CHU in the Mandalay

21    Bay Food Court at 2:30 p.m. to sign employment-related paperwork that was supposed to be

22    completed at the IBM Las Vegas office on February 22, 2016 at 9:00 am as instructed by the IBM

23    HR team.

24    53. Plaintiff met them at the appointed place and time and did everything asked of her,

25    despite feeling extremely uncomfortable, but no one had instructed Plaintiff to bring her passport

26    or social security card.

27    54. Plaintiff did not have them with her. Her passport was in the safe. Plaintiff never

28    carried her social security card with her.

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
323 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9511
Fax: (213) 745-9611

2:16-cv-4914

-9-
COMPLAINT FOR DAMAGES

Exhibit A Page 13

55. Neither Mullaney nor CHU acted like they knew what they were doing.

56. Plaintiff told Mullaney again how uncomfortable she felt, and that she was feeling even more uncomfortable signing the documents in a food court, instead of the IBM Las Vegas office.

57. Mullaney replied that he did not care to discuss the details because he had read the complaint Plaintiff had emailed to HR.

58. Mullaney revealed Phase Three after Plaintiff was forced to sign employment documents in the food court and he then instructed Plaintiff to leave the trade show immediately, return her badge, confine herself to her room, and be prepared to be driven to the Las Vegas airport within 30 minutes.

59. Visibly upset, shaking, Plaintiff asked why she was being treated that way.

60. Mullaney said the reason was that HR had become involved and Plaintiff was never supposed to be on-boarded at a conference.

61. Mullaney told Plaintiff she should have gone to the IBM Las Vegas office, attended orientation, and completed all her paperwork but Chu prevented her from doing so.

62. Plaintiff had been trying without success to make CHU and Mullaney comprehend that for the last three days.

63. Phase Four involved leading Plaintiff to believe that her employment with IBM was still viable, even though it was not, and to maintain the false pretenses at least until Plaintiff was safely on the airplane leaving Las Vegas immediately after signing the IBM HR documents on Tuesday February 23, 2016. Plaintiff felt completely violated that Mullanery forced her to get into a car with him and escort her personally to the Las Vegas Airport. While Mullanery was driving Plaintiff to the airport she once again told him how uncomfortable she had felt and specifically asked him in the car if her job was in jeopardy. Mullanery told Plaintiff not to worry and that her job was not in jeopardy and that she would not be terminated.

64. Prevaricating, Mullaney said no, that IBM "WE" had just hired her with her completion of the I-9 form.

65. Disingenuously, Mullaney said he was very excited to have Plaintiff join the team.

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
525 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9531
Fax: (213) 745-9611

 

66. Mullaney said he would call Plaintiff again on Friday to follow up and discuss next steps. Plaintiff even expressed in the car while driving to the airport again, how uncomfortable she had felt with the way CHU had treated her and asked if there were any other options.

67. Mullaney waited until Plaintiff was seen walking into the airport before driving away.

Wednesday, February 24, 2016

68. On Wednesday, Plaintiff received a text from Mullaney admitting he had forgotten to ask for a copy of Plaintiff's passport in connection with the I-9 form. Mullaney asked Plaintiff to send it to him. Plaintiff complied. Plaintiff also received emails from Cindy Donnovan and CHU urgently requesting copies of her passport and social security card since they neglected to follow the proper IBM process by having Plaintiff go to the IBM Las Vegas office on her official start date on February 22, 2016 as instructed but prevented by CHU.

**Friday, February 26, 2016**

69. Plaintiff never heard from Mullaney on Friday as he committed he would call her to follow up with her.

**Monday, February 29, 2016**

70. On Monday Plaintiff received an email from Mullaney instructing her to call him.

71. When Plaintiff reached Mullaney, he informed her that her employment with IBM was terminated effective February 26, 2016, and that she would be sent her paycheck for the week.

72. Plaintiff did not understand at first and asked what could be done, whether she was able to work for someone else at IBM, and whether IBM could find her another role. In additional he under false pretenses he told Plaintiff that her job was not in jeopardy which was a complete lie. Losing her job with IBM created a hardship for Plaintiff as she turned down two other job opportunities to join IBM.

73. Mullaney said no, the decision had already been made and because HR was now involved. HR never spoke to Plaintiff about any of her claims. They did not perform an investigation or allow Plaintiff to apply for another role in the company. HR failed to do their job and protect Plaintiff.

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9331
Fax: (213) 745-9621

2:16-cv-4914          -11-
COMPLAINT FOR DAMAGES

**Exhibit A Page 15**

 

1    74. Plaintiff asked about the $20,000 hiring bonus which she was supposed to be paid, and

2    whether she would receive a severance package because of the way Plaintiff was treated.

3    75. Mullaney said none would be provided.  Mullaney tried to get Plaintiff to sign a legal

4    waiver agreement with Plaintiff refused.

5    Tuesday, March 1, 2016

6    76. On Tuesday Plaintiff received the paycheck for her week of service, two days late

7    pursuant to California law.

8    **Wednesday, March 2, 2016**

9    77. On Wednesday Mullaney sent Plaintiff an email asking her to send any outstanding

10   receipts for expenses so he could make sure that Plaintiff was reimbursed in full.

11   78. In response, Plaintiff again set forth her concerns to Mullaney, and told him she would

12   have her lawyer respond.  Plaintiff indicated that she was still willing to consider another

13   employment role since she had given up two job offers to accept the position with IBM.

14   79. Mullaney never responded to Plaintiff's last email.

15   80. Plaintiff was never given any reason why she was defrauded, misdirected, harassed,

16   confined to her hotel room, treated like a criminal, forced to leave the trade show, escorted to the

17   airport, or terminated.

18   81. Upon information and belief, Defendants took the foregoing adverse actions against

19   Plaintiff because she was a temporarily disabled woman over forty (40) years of age.

20   82. On information and belief, Plaintiff was replaced in her employment position by

21   another person. Plaintiff was placed on the IBM DO NOT HIRE list and although IBM had other

22   available positions, she was not permitted to apply for them.

23   83. Since February 29, 2016, Plaintiff has been searching without success for a suitable

24   employment position.

25   84. Upon information and belief, IBM failed and refused to conduct an investigation of

26   Plaintiff's complaints because any real investigation would obviously reveal that IBM was and is

27   liable to Plaintiff for a host of wrongs, including fraudulent inducement, negligent supervision and

28

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9511
Fax: (213) 745-9611

2:16-cv-4914                     -12-
                        COMPLAINT FOR DAMAGES

                                            Exhibit A Page 16

 

1  retention, discrimination, harassment, retaliation, failure to accommodate her temporary disability,

2  failure to engage in the interactive process, and wrongful termination in violation of public policy.

3      85. Defendants' conduct described herein was undertaken, authorized and/or ratified by

4  IBM and its officers and/or managing agents, including, but not limited to CHU and those

5  identified herein as DOES 1 through 100, who were authorized and empowered to make decisions

6  that reflect or create policy for IBM. The aforementioned conduct of said managing agents and

7  individuals was therefore undertaken on behalf of IBM. IBM further had advanced knowledge of

8  the actions and conduct of said individuals whose actions and conduct were ratified, authorized

9  and approved by managing agents whose precise identities are unknown to Plaintiff at this time

10  and are therefore identified and designated herein as DOES 1 through 100, inclusive.

11      86. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer

12  general and special damages, including severe and profound pain and emotional distress, anxiety,

13  and depression, as well as medical expenses, expenses for psychological counseling and treatment,

14  and past and future lost wages and benefits.

15      87. As a result of the above, Plaintiff is entitled to past and future lost wages, incentive

16  compensation, and benefits.

17      88. Plaintiff claims general damages for emotional and mental distress and aggravation in a

18  sum in excess of the jurisdictional minimum of this court.

19      89. Because the acts taken toward Plaintiff were carried out by managerial employees

20  acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of

21  Plaintiff's rights and in order to injure and damage her, Plaintiff requests that punitive damages be

22  assessed and levied against Defendants and each of them, in sums in excess of the jurisdictional

23  minimum of this court.

24

25

26

27

28

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-3511
Fax: (213) 745-3611

2:16-cv-4914          -13-
COMPLAINT FOR DAMAGES

Exhibit A Page 17

 

### FIRST CAUSE OF ACTION

### BY PLAINTIFF

### FOR FRAUDULENT INDUCEMENT

### AGAINST ALL DEFENDANTS AND DOES 1-100, INCLUSIVE

90. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 85 above, inclusive, as though fully set forth herein.

91. On and around January 5, 2016, Defendants, by and through their HR recruitment office, acting on the Defendants' behalf and at their express instruction, fraudulently induced Plaintiff to begin work for IBM by making the following materially false representations:

a.   That Plaintiff would be employed by IBM as IoT Asset Management Sales Specialist;

b.   That Plaintiff would be paid annual total cash compensation estimated at $237,805, with a base salary of $130,000 and sales incentives of $107,805;

c.   That Plaintiff would be paid a $20,000 hiring bonus; and

d.   That Plaintiff would be eligible for the IBM benefits program, including a portfolio of health care benefits; income protection in case of serious injury, illness, or death; life insurance and disability benefits; vacation, holidays, and personal leave; and a retirement program designed to help build financial security.

92. Defendants made these representations with the intent to fraudulently induce Plaintiff to accept employment with IBM.

93. Each of the foregoing representations was false, and Defendants knew them to be false at the time they were made. Defendants never had any intention of employing Plaintiff as an IoT Asset Management Sales Specialist; paying the compensation to which Plaintiff was entitled; paying the $20,000 hiring bonus; or allowing Plaintiff to be eligible for the IBM benefits program.

94. Plaintiff is informed and believes, and based thereon alleges, that CHU, acting as principal agent for Defendants, on their express instruction and direction, intentionally concealed, suppressed, or misrepresented material facts regarding Defendants' intentions with respect to Plaintiff's duties, wages, bonuses, and benefits, for the purpose of inducing Plaintiff to commence

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9511
Fax: (213) 745-9611

-14-
COMPLAINT FOR DAMAGES

2:16-cv-4914

Exhibit A Page 18

1  working for Defendants, so that Defendants, and not Plaintiff, could realize significant monetary

2  gains.

3      95. At all times material hereto, Plaintiff reasonably believed Defendants' representations,

4  was unaware of the true and concealed facts, and justifiably relied on Defendants' representations,

5  as alleged herein, by flying to Las Vegas in order to accept the Defendants' offer of employment,

6  until her wrongful termination a week later.

7      96. If Plaintiff had known the true facts and/or the falsity of Defendants' representations,

8  and Defendants' lack of reasonable belief as to the truth of those representations, Plaintiff would

9  not have passed up her two other offers of employment in order to accept the IoT Asset

10  Management Sales Specialist position with IBM.

11      97. As a proximate result of Defendants' fraud and deceit, Plaintiff has suffered damages

12  in an amount to be proven at trial, but in excess of the jurisdictional minimum of this Court.

13      98. The damage allegations of Paragraphs 86 through 89, inclusive, are herein incorporated

14  by reference.

15      99. Plaintiff is informed and believes, and on that basis alleges, that in committing the

16  aforementioned acts and concealments, Defendants, including CHU for his own fraudulent

17  misrepresentations, are guilty of oppression, fraud and malice towards her.  Therefore, in addition

18  to actual damages, Plaintiff is entitled to recover punitive damages from Defendants, and each of

19  them, according to proof, for the purpose of punishing Defendants and deterring them and others

20  from engaging in such actions in the future.

21

22               **SECOND CAUSE OF ACTION**

23                    **BY PLAINTIFF**

24          **FOR NEGLIGENT MISREPRESENTATION**

25      **AGAINST ALL DEFENDANTS AND DOES 1-100, INCLUSIVE**

26      100.   Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 85

27  above, inclusive, as though fully set forth herein.

28

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9511
Fax: (213) 745-9611

2:16-cv-4914

-15-
COMPLAINT FOR DAMAGES

**Exhibit A Page 19**

1    101.    Defendants, by and through CHU, made the representations alleged in Paragraphs

2    90 through 99 above, and incorporated herein by this reference as though set forth in full,

3    negligently with no reasonable basis for believing that they were true.

4    102.    Defendants made such representations with the intent to induce Plaintiff to begin

5    working for the Defendants, so that Defendants, not Plaintiff, could realize significant monetary

6    gains.

7    103.    At the time Defendants made the representations set forth in Paragraphs 90 through

8    99 above, and incorporated herein by this reference as though set forth in full, Plaintiff was

9    ignorant of the falsity of such representations.  Plaintiff justifiably relied on the representations

10    and did, in fact, pass up two other employment opportunities in order to accept employment with

11    IBM.

12    104.    If Plaintiff had known of the falsity of the Defendants' representations, and the

13    Defendants' lack of reasonable belief as to the truth of those representations, Plaintiff would never

14    have accepted employment with Defendants and would never have allowed two other employment

15    opportunities to pass in order to accept employment with the Defendants.

16    105.    As a proximate result of Defendants' negligent misrepresentations, Plaintiff has

17    suffered damages in an amount to be proven at trial, but in excess of the jurisdictional minimum of

18    this Court.

19    106.    The damage allegations of Paragraphs 86 through 89, inclusive, are herein

20    incorporated by reference.

21

22    **THIRD CAUSE OF ACTION**

23    **BY PLAINTIFF**

24    **FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

25    **AGAINST ALL DEFENDANTS AND DOES 1-100, INCLUSIVE**

26    107.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 85

27    above, inclusive, as though fully set forth herein.

28

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9521
Fax: (213) 745-9611

-16-
COMPLAINT FOR DAMAGES

2:16-cv-4914

**Exhibit A Page 20**



108.   A person is liable for intentional infliction of emotional distress if his or her conduct is outrageous; the person either intended to cause another emotional distress or acted with reckless disregard of the probability that the other person would suffer emotional distress; the other person suffered severe emotional distress; and the conduct was a substantial factor in causing the emotional distress.

109.   As alleged herein, Defendants engaged in extreme and outrageous conduct against Plaintiff, including but not limited to defrauding Plaintiff; misdirecting her; discriminating against, harassing, and retaliating against Plaintiff; confining her to her hotel room; treating Plaintiff like a criminal; forcing her to leave the trade show; escorting Plaintiff to the airport; and terminating her employment in violation of the public policy of the State of California,

110.   Defendants intended to cause, or acted in reckless disregard of the probability of causing, emotional distress to Plaintiff.

111.   Defendants' conduct proximately caused Plaintiff severe emotional suffering and distress.

112.   The damage allegations of Paragraphs 86 through 89, above, are herein incorporated by reference.

113.   The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression or fraud under California Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9511
Fax: (213) 745-9611

2:16-cv-4914

-17-
COMPLAINT FOR DAMAGES

Exhibit A Page 21



**FOURTH CAUSE OF ACTION**

**BY PLAINTIFF**

**FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST IBM AND DOES 1-100, INCLUSIVE**

114.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 85 above, inclusive, as though fully set forth herein.

115.    At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

116.    As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

117.    FEHA requires Defendants to refrain from discriminating against an employee on the basis of temporary disability, sex, and age, and to prevent discrimination on the basis of temporary disability, sex, or age from occurring.

118.    As a temporarily disabled woman over forty (40) years of age, Plaintiff was a member of multiple protected classes.

119.    Plaintiff suffered the adverse employment actions of discrimination; harassment; retaliation; failure to accommodate a known disability; failure to engage in the interactive process; refusal to investigate discrimination, harassment, and retaliation; failure to prevent discrimination, harassment, and retaliation; and termination; and was harmed thereby.

120.    Plaintiff is informed and believes that her temporary disability, sex, and age were a substantial motivating reason and/or factor in the decision to terminate Plaintiff.

121.    Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

122.    The damage allegations of Paragraphs 86 through 89, inclusive, are herein incorporated by reference.

123.    The foregoing conduct of the Defendants individually, or by and through their managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9511
Fax: (213) 745-9611

2:16-cv-4914

-18-
COMPLAINT FOR DAMAGES

**Exhibit A Page 22**



1  Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's

2  right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by

3  threats, intimidation, or coercion, such as to constitute malice, oppression or fraud under

4  California Civil Code §3294, entitling Plaintiff to punitive damages in an amount appropriate to

5  punish or make an example of Defendants.

6      124.    Pursuant to California Government Code §12965(b), Plaintiff requests a reasonable

7  award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

8

9  ### FIFTH CAUSE OF ACTION

10  ### BY PLAINTIFF

11  ### FOR RETALIATION IN VIOLATION OF GOV'T CODE §12940(h)

12  ### AGAINST IBM AND DOES 1-100, INCLUSIVE

13      125.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 85

14  above, inclusive, as though fully set forth herein.

15      126.    At all times hereto, the FEHA was in full force and effect and was binding upon

16  Defendants and each of them.

17      127.    These laws set forth in the preceding paragraph require Defendants to refrain from

18  retaliating against an employee for engaging in protected activity.

19      128.    Plaintiff engaged in the protected activity of complaining about CHU's unlawful

20  discrimination and harassment, including but not limited to the Plaintiff's request that Defendants

21  conduct an adequate investigation.

22      129.    Plaintiff suffered the adverse employment actions of discrimination; harassment;

23  retaliation; failure to accommodate a known disability; failure to engage in the interactive process;

24  refusal to investigate discrimination, harassment, and retaliation; failure to prevent discrimination,

25  harassment, and retaliation; and termination; and was harmed thereby.

26      130.    Plaintiff is informed and believes that her decision engage in the protected activity

27  of complaining about CHU's unlawful discrimination and harassment, including but not limited to

28  Plaintiff's request that Defendants conduct an adequate investigation, was a motivating reason

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9511
Fax: (213) 745-9651

2:16-cv-4914

-19-
COMPLAINT FOR DAMAGES

Exhibit A Page 23

1 | and/or factor in the decision to effectuate the adverse employment actions against Plaintiff,

2 | including termination.

3 |   131.  Defendants violated the FEHA by retaliating against Plaintiff for attempting to

4 | exercise her protected rights, as set forth hereinabove.

5 |   132.  Plaintiff is informed and believes, and based thereon alleges, that the above acts of

6 | retaliation committed by Defendants were done with the knowledge, consent and/or ratification of,

7 | or at the direction of, each other Defendant and the other Managers.

8 |   133.  The above said acts of Defendants constitute violations of the FEHA, and were a

9 | proximate cause in Plaintiff's damages as stated below.

10 |   134.  The damage allegations of Paragraphs 86 through 89, inclusive, are herein

11 | incorporated by reference.

12 |   135.  The foregoing conduct of Defendants individually, or by and through their

13 | managing agents, was intended by Defendants to cause injury to the Plaintiff or was despicable

14 | conduct carried on by the Defendants with a willful and conscious disregard of the rights of

15 | Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's

16 | right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by

17 | threats, intimidation, or coercion, such as to constitute malice, oppression or fraud under

18 | California Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount

19 | appropriate to punish or make an example of Defendants.

20 |   136.  Pursuant to California Government Code §12965(b), Plaintiff requests a

21 | reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

22 |

23 | **SIXTH CAUSE OF ACTION**

24 | **BY PLAINTIFF**

25 | **FOR FAILURE TO ACCOMMODATE DISABILITY/**

26 | **FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS**

27 | **IN VIOLATION OF GOV'T CODE §§12940 *ET SEQ.***

28 | **AGAINST IBM AND DOES 1-100, INCLUSIVE**

LAW OFFICES OF LISA L. MARI
ATTORNEYS AT LAW
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9511
Fax: (213) 745-9611

2:16-cv-4914

-20-
COMPLAINT FOR DAMAGES

Exhibit A Page 24

137.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 85 above, inclusive, as though fully set forth herein.

138.    At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

139.    At all times hereto, Plaintiff was willing and able to perform the duties and functions of her position, or could have performed the duties and functions of that position with reasonable accommodations. At no time would performance of the functions of the employment position, with reasonable accommodation for Plaintiff's disability or disability as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disability or disability as it was perceived by Defendants would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate Plaintiff, failed to engage in an interactive process with Plaintiff, and instead discriminated against Plaintiff and wrongfully terminated her from her position, for which she was well qualified.

140.    Defendants' discriminatory actions against Plaintiff, as alleged above, constituted unlawful discrimination in employment on account of her disability or disability as perceived by Defendants. The above said acts of Defendants constitute violations of the FEHA and violations of the public policy of the State of California. Such violations were a proximate cause in Plaintiff's damage as stated below.

141.    The damage allegations of Paragraphs 86 through 89, inclusive, are herein incorporated by reference.

142.    The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression or fraud under California Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9511
Fax: (213) 745-9611

2:16-cv-4914

-21-
COMPLAINT FOR DAMAGES

Exhibit A Page 25




143.    Pursuant to California Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SEVENTH CAUSE OF ACTION

### BY PLAINTIFF

### FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION

### IN VIOLATION OF GOV'T CODE §12940(k)

### AGAINST IBM AND DOES 1-100, INCLUSIVE

144.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 85, inclusive, as though fully set forth herein.

145.    At all times hereto, the FEHA, including in particular California Government Code §12940(k), was in full force and effect and was binding upon the Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination from occurring. As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination from occurring.

146.    The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

147.    The damage allegations of Paragraphs 86 through 89, inclusive, are herein incorporated by reference.

148.    The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression or fraud under California Civil Code §3294, entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
525 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9511
Fax: (213) 745-9611

2:16-cv-4914

-22-
COMPLAINT FOR DAMAGES

Exhibit A Page 26

 

149.    Pursuant to California Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## EIGHTH CAUSE OF ACTION

## BY PLAINTIFF

## FOR WRONGFUL TERMINATION

## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA

## AGAINST IBM AND DOES 1-100, INCLUSIVE

150.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 85 above, inclusive, as though fully set forth herein.

151.    At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of temporary disability, sex, and age, and from retaliating against any employee who engages in protected activity. At all times mentioned in this complaint, Article I, Section 8 of the California Constitution was in full force and effect and binding on Defendants. This law requires Defendants to refrain from disqualifying a person from pursuing employment on the basis of temporary disability, sex, and age, among other things.

152.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of temporary disability, sex, and age, among other things.

153.    Plaintiff believes, and based thereon alleges, that her temporary disability, sex, age, her engaging in protected activity with respect to her temporary disability, sex, and age, and/or some combination thereof, were substantial factors in Defendants' conduct as alleged hereinabove.

154.    Such discrimination, resulting in the wrongful termination of Plaintiff's employment on the basis of temporary disability, sex, age, engagement in protected activity by reporting what Plaintiff believed to be harassment, or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
333 W. 6th Street, Suite 430
Los Angeles, CA 90014
Tel: (213) 745-9511
Fax: (213) 745-9611

2:16-cv-4914

-23-
COMPLAINT FOR DAMAGES

Exhibit A Page 27

1    155.    The above said acts of the Defendants constitute violations of the California

2    Government Code and the public policy of the State of California embodied therein, as set forth

3    above.  The Defendants violated these laws by terminating Plaintiff's employment in retaliation

4    for the exercise of protected rights.

5    156.    The damage allegations of Paragraphs 86 through 89, inclusive, are herein

6    incorporated by reference.

7    157.    The foregoing conduct of Defendants individually, or by and through their

8    managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable

9    conduct carried on by the Defendants with a willful and conscious disregard of the rights of

10   Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's

11   right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by

12   threats, intimidation, or coercion, such as to constitute malice, oppression or fraud under

13   California Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount

14   appropriate to punish or make an example of Defendants.

15

16                              **NINTH CAUSE OF ACTION**

17                                  **BY PLAINTIFF**

18                         **FOR DECLARATORY JUDGMENT**

19                    **AGAINST IBM AND DOES 1-100, INCLUSIVE**

20   158.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 85

21   above, inclusive, as though fully set forth herein.

22   159.    Government Code §12920 sets forth the public policy of the State of California as

23   follows:

24          It is hereby declared as the public policy of this state that it is
            necessary to protect and safeguard the right and opportunity of all
25          persons to seek, obtain, and hold employment without
            discrimination or abridgment on account of race, religious creed,
26          color, national origin, ancestry, physical disability, mental disability,
            medical condition, genetic information, marital status, sex, gender,
27          gender identity, gender expression, age, or sexual orientation.

28

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
523 W. 6th Street, Suite 430
Los Angeles, CA 90014
Tel: (213) 745-9511
Fax: (213) 745-9611

2:16-cv-4914        COMPLAINT FOR DAMAGES        -24-

Exhibit A Page 28

 

It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

160.   Government Code §12920.5 embodies the intent of the California legislature and states:

In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

161.   Moreover, Government Code §12921, subdivision (a) says in pertinent part:

The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

162.   An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate against, harass, or retaliate against Plaintiff; and that Plaintiff was not terminated as a result of her temporary disability, sex, and age, protected characteristics.  Plaintiff contends that Defendants did discriminate against, harass, and retaliate against her on the basis of her temporary disability, sex, and age; and that Plaintiff was retaliated against and wrongfully terminated because of temporary disability, sex, age, engagement in protected activity, and/or

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
513 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9511
Fax: (213) 745-9621

2:16-cv-4914

-25-
COMPLAINT FOR DAMAGES

Exhibit A Page 29



1 | some combination of these protected characteristics. Plaintiff is informed and believes, and on

2 | that basis alleges, that Defendants shall dispute Plaintiff's contentions.

3 |      163.    Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial

4 | determination of her rights and duties, and a declaration that Defendants discriminated against,

5 | harassed, and retaliated against her on the basis of temporary disability, sex, age, engagement in

6 | protected activity, and/or some combination of these protected characteristics.

7 |      164.    Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial

8 | determination of her rights and duties, and a declaration that her temporary disability, sex, age,

9 | engagement in protected activity, and/or some combination of these protected characteristics was a

10 | substantial motivating factor in IBM's decision to terminate Plaintiff's employment.

11 |      165.    A judicial declaration is necessary and appropriate at this time under the

12 | circumstances in order that Plaintiff, for herself and on behalf of employees in the State of

13 | California and in conformity with the public policy of the State, obtain a judicial declaration of the

14 | wrongdoing of Defendants and to condemn such discriminatory employment policies or practices.

15 | *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

16 |      166.    A judicial declaration is necessary and appropriate at this time such that Defendants

17 | may also be aware of their obligations under the law to not engage in discriminatory practices and

18 | to not violate the law.

19 |      167.    Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff

20 | herein, may be awarded reasonable attorney's fees and costs: "In civil actions brought under this

21 | section, the court, in its discretion, may award to the prevailing party, including the department,

22 | reasonable attorney's fees and costs, including expert witness fees." Such fees and costs expended

23 | by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring

24 | discrimination.

25 |

26 |

27 |

28 |

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9511
Fax: (213) 745-9611

-26-

COMPLAINT FOR DAMAGES

**Exhibit A Page 30**

1  **TENTH CAUSE OF ACTION**

2  **BY PLAINTIFF**

3  **FOR WAITING TIME PENALTIES**

4  **CALIFORNIA LABOR CODE §§ 201-203**

5  **AGAINST IBM AND DOES 1-100, INCLUSIVE**

6      168.   Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 85

7  above, inclusive, as though fully set forth herein.

8      169.   At all relevant times, the Defendants failed to pay all of Plaintiff's accrued wages

9  and other compensation due immediately upon termination. These wages refer, at a minimum, to

10  wages and other compensation that Defendants should have paid, but did not pay over to Plaintiff

11  during the term of her employment and which were due, at the latest, within the time restraints of

12  Labor Code §§201-203.

13      170.   As alleged herein, Plaintiff is not exempt from the requirements of California Labor

14  Code §§201-203.

15      171.   Based on the Defendants' conduct as alleged herein, Defendants are liable for

16  statutory penalties pursuant to California Labor Code §203 and other applicable provisions, as

17  well as attorney's fees and costs.

18

19  **ELEVENTH CAUSE OF ACTION**

20  **BY PLAINTIFF**

21  **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

22  **AGAINST ALL DEFENDANTS AND DOES 1-100, INCLUSIVE**

23      172.   Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 85

24  above, inclusive, as though fully set forth herein.

25      173.   Plaintiff had an economic relationship with IBM as their employee, with the

26  probability of future economic benefit accruing to Plaintiff if she continued to work for IBM and

27  earn significant wages, compensation and other benefits.

28

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-8511
Fax: (213) 745-9611

2:16-cv-4914      -27-
COMPLAINT FOR DAMAGES

Exhibit A Page 31

174.    The Defendants, and each of them, including CHU, had actual knowledge of this economic relationship between Plaintiff and IBM.

175.    The intentional conduct of the Defendants, including CHU, as described herein was designed and instigated by said defendants, and each of them, to disrupt Plaintiff's relationship with IBM.

176.    Plaintiff's relationship with IBM was actually disrupted and, in fact, terminated because, as a direct result of the intentional interference by CHU, Plaintiff's employment with IBM was terminated.

177.    As a result of Defendants' intentional conduct and resulting actual disruption of her relationship with IBM, Plaintiff suffered economic harm, including loss of wages, compensation, and other benefits she would have earned working for IBM.

178.    Defendants' actions as alleged herein were wrongful independent of their interfering nature because Defendants' conduct was retaliatory in violation of the FEHA.

179.    As a direct and proximate result of Defendants' acts, Plaintiff has suffered, and will continue to suffer general and special damages, in an amount presently unknown, but which Plaintiff is informed and believes, and on that basis alleges, exceeds the jurisdictional minimum of this Court.  Plaintiff will seek leave of this Court to amend this complaint to allege the exact amount of damages when it has been ascertained.

180.    The Defendants' conduct was malicious, oppressive, and/or fraudulent in that CHU and IBM acted with the intent to injure Plaintiff and deprive Plaintiff of her legal rights.  The Defendants' conduct was despicable, oppressive, and outrageous, justifying the imposition of punitive or exemplary damages against the Defendants in an amount that proof at trial may indicate is appropriate.

181.    The damage allegations of Paragraphs 86 through 89, inclusive, are herein incorporated by reference.

182.    WHEREFORE, Plaintiff is therefore entitled to relief as set forth herein.

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-8511
Fax: (213) 745-9611

2:16-cv-4914                  -28-
                   COMPLAINT FOR DAMAGES

Exhibit A Page 32

1

2

3

4

## TWELFTH CAUSE OF ACTION

## BY PLAINTIFF

## FOR PROMISSORY ESTOPPEL

## AGAINST IBM AND DOES 1-100, INCLUSIVE

5    183.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 85

6    above, inclusive, as though fully set forth herein.

7    184.    On or about January 5, 2016, the Defendants, by and through the Defendants' HR

8    recruitment team, acting on Defendants' behalf, made the promises contained in paragraphs 13

9    and 14 above to Plaintiff if she elected to accept employment with IBM.

10    185.    At the time the foregoing promises were made, Defendants reasonably expected the

11    foregoing promises to induce action or forbearance on the part of Plaintiff.

12    186.    Defendants' promises actually induced action or forbearance by Plaintiff, in that

13    Plaintiff passed up two other employment opportunities after January 5, 2016, in order to accept

14    employment with IBM.

15    187.    Plaintiff justifiably relied on the Defendants' promises by passing up the other

16    employment opportunities after January 6, 2016, in order to accept employment with IBM, and

17    would never have done so but for Defendants' promises.

18    188.    As a result, injustice to Plaintiff can be avoided only by enforcing the Defendants'

19    promises.

20    189.    WHEREFORE, Plaintiff is therefore entitled to relief as set forth herein.

21

22

23

24

25

## THIRTEENTH CAUSE OF ACTION

## BY PLAINTIFF

## FOR DEFAMATION

## AGAINST ALL DEFENDANTS AND DOES 1-100, INCLUSIVE

26    190.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 83

27    above, inclusive, as though fully set forth herein.

28

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
525 W. 6th Street, Suite 430
Los Angeles, CA 90014
Tel: (213) 745-5511
Fax: (213) 745-9611

-29-

**Exhibit A Page 33**

191.    Plaintiff is informed and believes Defendants, and each of them, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally caused excessive and unsolicited internal and external publications of defamation, of and concerning Plaintiff, to third persons and to the community. These false and defamatory statements included express and implied: accusations that Plaintiff violated company policies; that she was such a poor performer to justify termination of her employment.  These and other similar false statements expressly and impliedly stated that Plaintiff was incompetent and a poor performer.

192.    While the precise dates of these publications are not known to Plaintiff, they were made within the last approximately six (6) months to justify Plaintiff's wrongful and illegal termination. These publications were outrageous, negligent, reckless, intentional, and maliciously published and republished by Defendants, and each of them. Plaintiff is informed and believes that the negligent, reckless, and intentional publications by Defendants, and each of them, were and continue to be, foreseeably published and republished by Defendants, their agents and employees, recipients, in the community, to wit, Plaintiff has been placed on Defendant IBM's do not hire list. Plaintiff hereby seeks damages for these publications and all foreseeable republications discovered up to the time of trial.

193.    During the above-described time-frame, Defendants, and each of them, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited publication of defamation, of and concerning Plaintiff, to third persons, who had no need or desire to know. Those third person(s) to whom these Defendants published this defamation are believed to include, but are not limited to, other agents and employees of Defendants, and each of them, and the community, all of whom are known to Defendants, and each of them, but unknown at this time to Plaintiff.

194.    The defamatory publications consisted of oral and written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation. These publications included the following false and defamatory statements (in violation of Civil Code §§ 45 and 46(3)(5)) with the meaning and/or substance that Plaintiff: violated company policies; that she was such a poor performer and that she deserved to

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9511
Fax: (213) 745-9611

2:16-cv-4914

-30-
COMPLAINT FOR DAMAGES

Exhibit A Page 34

1   be terminated.  These and similar statements published by Defendants, and each of them,

2   expressly and impliedly asserted that Plaintiff was incompetent and a poor employee.

3       195.    Plaintiff is informed, believes and fears that these false and defamatory per se

4   statements will continue to be published by Defendants, and each of them, and will be foreseeably

5   republished by their recipients, all to the ongoing harm and injury to Plaintiff's business,

6   professional, and personal reputations. Plaintiff also seeks redress in this action for all foreseeable

7   republications, including her own compelled self-publication of these defamatory statements.

8       196.    The defamatory meaning of all of the above-described false and defamatory

9   statements and their reference to Plaintiff, were understood by these above-referenced third person

10  recipients and other members of the community who are known to Defendants, and each of them,

11  but unknown to Plaintiff at this time.

12      197.    None of Defendants' defamatory publications against Plaintiff referenced above are

13  true.

14      198.    The above defamatory statements were understood as assertions of fact, and not as

15  opinion. Plaintiff is informed and believes this defamation will continue to be negligently,

16  recklessly, and intentionally published and foreseeably republished by Defendants, and each of

17  them, and foreseeably republished by recipients of Defendants' publications, thereby causing

18  additional injury and damages for which Plaintiff seeks redress by this action.

19      199.    Each of these false defamatory per se publications (as set forth above) were

20  negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any

21  alleged conditional privilege (which Plaintiff denies existed), since the publications, and each of

22  them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in

23  order to justify the illegal and cruel actions of Defendants, and each of them, to cause further

24  damage to Plaintiff's professional and personal reputation, to cause her to be fired, to justify her

25  firing, and to retaliate against Plaintiff for prior ill will, rivalry, and disputes in retaliation for her

26  objections to what she believed to be harassment by CHU.

27      200.    Each of these publications by Defendants, and each of them, were made with

28  knowledge that no investigation supported the unsubstantiated and obviously false statements. The

LAW OFFICES OF LISA L. MARI
ATTORNEYS AT LAW
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-5511
Fax: (213) 745-9611

2:16-cv-4914

-31-
COMPLAINT FOR DAMAGES

Exhibit A Page 35

1   Defendants, published these statements knowing them to be false, unsubstantiated by any

2   reasonable investigation and the product of hostile witnesses. These acts of publication were

3   known by Defendants, and each of them, to be negligent to such a degree as to be reckless. In fact,

4   not only did Defendants, and each of them, have no reasonable basis to believe these statements,

5   but they also had no belief in the truth of these statements, and in fact knew the statements to be

6   false. Defendants, and each of them, excessively, negligently, and recklessly published these

7   statements to individuals with no need to know, and who made no inquiry, and who had a mere

8   general or idle curiosity of this information.

9       201.    The above complained-of publications by Defendants, and each of them, were

10  made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff,

11  Plaintiff's good name, her reputation, employment and employability. Defendants, and each of

12  them, published these statements, not with an intent to protect any interest intended to be protected

13  by any privilege, but with negligence, recklessness and/or an intent to injure Plaintiff and destroy

14  her reputation. Therefore, no privilege existed to protect any of the Defendants from liability for

15  any of these aforementioned publications or republications.

16      202.    As a proximate result of the publication and republication of these defamatory

17  statements by Defendants, and each of them, Plaintiff has suffered injury to her personal, business

18  and professional reputation including suffering embarrassment, humiliation, severe emotional

19  distress, shunning, anguish, fear, loss of employment, and employability, and significant economic

20  loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and

21  general damage in an amount according to proof.

22      203.    Defendants, and each of them, committed the acts alleged herein recklessly,

23  maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for

24  an improper and evil motive amounting to malice (as described above), and which abused and/or

25  prevented the existence of any conditional privilege, which in fact did not exist, and with a

26  reckless and conscious disregard of Plaintiff's rights. All actions of Defendants, and each of them,

27  their agents and employees, herein alleged were known, ratified and approved by the Defendants,

28  and each of them. Plaintiff thus is entitled to recover punitive and exemplary damages from

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
533 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-8313
Fax: (213) 745-9621

2:16-cv-4914

-32-
COMPLAINT FOR DAMAGES

Exhibit A Page 36

1   Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount

2   based on the wealth and ability to pay according to proof at time of trial.

3   WHEREFORE, Plaintiff requests relief as hereinafter provided.

### PRAYER FOR RELIEF

5   **WHEREFORE**, Plaintiff seeks judgment against the Defendants, and each of them, in an

6   amount according to proof, as follows:

7       1.    For a money judgment representing compensatory damages including lost wages,

8   bonuses, incentive pay, and other benefits of employment, and all other sums of money, together

9   with interest on these amounts; for other special damages; for general damages for mental pain,

10  anguish, and emotional distress; and for damages in justifiable reliance.

11      2.    For waiting time penalties;

12      3.    For pre and post judgment interest on each of the foregoing at the legal rate from

13  the date the obligation became due through the date of judgment in this matter;

14      4.    For a declaratory judgment reaffirming Plaintiff's equal standing under the law and

15  condemning Defendants' discriminatory practices; and

16      5.    For injunctive relief barring Defendants' discriminatory employment policies and

17  practices in the future.

18  **WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in

19  an amount according to proof, as follows:

20      6.    For punitive damages, pursuant to Civil Code §§3294, in an amount sufficient to

21  punish the Defendants for the wrongful conduct alleged herein and to deter such conduct in the

22  future;

23      7.  For costs of suit, attorney's fees, and expert witness fees pursuant to the FEHA, the

24  Labor Code, the Government Code, and/or any other basis;

25      8.  For post-judgment interest; and

26      9.  For any other relief that is just and proper.

27

28

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
323 W. 6th Street, Suite 450
Los Angeles, CA 90014
Tel: (213) 745-9511
Fax: (213) 745-9611

2:16-cv-4914

-33-
COMPLAINT FOR DAMAGES

**Exhibit A Page 37**

1                           **JURY TRIAL DEMANDED**

2        Plaintiff demands trial of all issues by jury.

3   DATED: May 26, 2016                  LAW OFFICES OF LISA L. MAKI

4

5                         By: _____

6                              LISA L. MAKI
                               Attorneys for Plaintiff
                               JANE DOE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF LISA L. MAKI
ATTORNEYS AT LAW
333 W. 6th Street, Suite 430
Los Angeles, CA 90014
Tel: (213) 745-9511
Fax: (213) 745-9611

-34-
COMPLAINT FOR DAMAGES

2:16-cv-4914