UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4914 FMO (AJWx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | Stout v. International Business Machines Corporation, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff: | | Attorney Present for Defendants: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Re: Motion to Remand

Having reviewed and considered the briefing filed with respect to plaintiff's Motion to Remand the Action to California Superior Court (Dkt. 18, "Motion") and defendant's Motion to Strike Plaintiff's First Amended Complaint Pursuant to Federal Rule 12(f) (Dkt. 22, "Motion to Strike"), the court concludes that oral argument is not necessary to resolve the motions, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and orders as follows.

**INTRODUCTION**

Plaintiff Julie Stout ("plaintiff" or "Stout") filed a Complaint in the Los Angeles County Superior Court on May 26, 2016 against defendants International Business Machines Corporation ("IBM") and Brian Chu ("Chu").[1] (See Dkt. 1, Notice of Removal ("NOR") at ¶ 2). IBM then removed the case to this court on July 5, 2016, on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 & 1441. (See id. at ¶ 1).

Stout filed a First Amended Complaint ("FAC") on July 29, 2016, asserting claims for: (1)

---

[1] The Complaint was originally filed by Stout under the fictitious name "Jane Doe." (See Dkt. 1-2, Declaration of Nicole Shaffer in Support of Defendant's Notice of Removal, Exh. A (Complaint) at ¶ 2). "Although some Circuits require plaintiffs to obtain leave of the court before filing an anonymous pleading, the Ninth Circuit does not. However, plaintiffs must obtain leave to proceed under fictitious names." EEOC v. ABM Indus., 249 F.R.D. 588, 592 (E.D. Cal. 2008) (citing Does I thru XXII v. Advanced Textile, 214 F.3d 1058, 1068 (9th Cir. 2000)). Defendant IBM filed a Motion to Dismiss on July 12, 2016, arguing that Stout did not obtain leave of court to use a fictitious name. (See Dkt. 7, Defendant's Motion to Dismiss and/or Strike [] at 1). On August 8, 2016, plaintiff filed a Notice of Interested Parties identifying herself as Julie Stout. (See Dkt. 21, Notice of Interested Parties). The instant Motion was also filed under the name Julie Stout. (See Dkt. 18, Motion at 1). The court will construe these actions as plaintiff's abandonment of her desire to pursue this action under a fictitious name.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4914 FMO (AJWx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | Stout v. International Business Machines Corporation, et al. | | |

fraudulent inducement; (2) negligent misrepresentation; (3) harassment in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940 et seq.; (4) discrimination in violation of Cal. Gov't Code §§ 12940 et seq.; (5) retaliation in violation of Cal. Gov't Code § 12940(h); (6) failure to accommodate disability and failure to engage in the interactive process in violation of Cal. Gov't Code §§ 12940 et seq.; (7) failure to prevent discrimination, harassment, and retaliation in violation of Cal. Gov't Code § 12940(k); (8) wrongful termination in violation of public policy; (9) declaratory judgment; (10) waiting time penalties pursuant to Cal. Lab. Code §§ 201-203; (11) intentional interference with prospective economic advantage; (12) promissory estoppel; (13) defamation; and (14) false imprisonment. (See Dkt. 16, FAC at ¶¶ 84-201 & p. 36-37). The FAC adds a diversity-destroying defendant, Mark Mullaney ("Mullaney"), who is alleged to be a resident of California. (See id. at ¶ 6). In addition, the FAC adds two causes of action for harassment in violation of Cal. Gov't Code §§ 12940 et seq. (against all defendants) (see id. at ¶¶ 101-111) and false imprisonment (against Mullaney and IBM). (See id. at p. 36-37).

On August 4, 2016, Stout filed the instant Motion. (See Dkt. 18, Motion at 1). Defendant IBM then filed the Motion to Strike on August 11, 2016.[2] (See Dkt. 22, Motion to Strike at 1). Stout filed an Opposition to IBM's Motion to Strike First Amended Complaint (Dkt. 23) on August 17, 2016. (See id. at 1). Finally, IBM filed an opposition to plaintiff's motion (Dkt, 24, Opp.) on August 18, 2016. (See id. at 1).

**PLAINTIFF'S ALLEGATIONS**

Stout interviewed for a position with IBM in the fall of 2015. (See Dkt. 16, FAC at ¶ 11). As part of the interview process, she met with Mullaney, an IBM executive, Travis Phillips, the Director of Sales, and Chu, the hiring manager. (See id.). Chu informed Stout both verbally and by email that IBM intended to hire her. (See id.). However, she did not receive a formal offer

---

[2] Although filed pursuant to Rule 12(f), the Motion to Strike is centered around the same arguments raised in IBM's Opposition to the Motion. Specifically, IBM contends that under 28 U.S.C. § 1447(e), the court should exercise its discretion to deny joinder of the diversity-destroying defendant because "there is insufficient factual basis to support the post-removal joinder." (See Dkt. 24, Defendant's Opposition to Plaintiff's Motion for Remand ("Opp.") at 1, 4). IBM claims the FAC should be stricken "because . . . joinder of Mullaney is improper in that he was joined without prior Court approval, and is nothing more than a sham defendant designed to destroy diversity without sufficient factual basis." (See Dkt. 22, Motion to Strike at 5). However, moving to strike the FAC on the basis that it was filed without leave to amend "is an impermissible use of Rule 12(f), because it seeks to use Rule 12(f) as a substitute for Rule 12(b)(6)." See Cruz v. Bank of New York Mellon, 2012 WL 2838957, *2 (N.D. Cal. 2012). The court therefore construes the Motion to Strike together with the Opposition to the Motion as the opposing papers to the Motion. See Ed-Shaddai v. Felker, 2007 WL 2254443, *1-2 (E.D. Cal. 2007) (construing a motion to strike as an opposition to a motion to dismiss).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4914 FMO (AJWx) | Date | **August 30, 2016** |
|---|---|---|---|
| Title | Stout v. International Business Machines Corporation, et al. | | |

letter for employment as an "IoT Asset Management Sales Specialist" in Agoura Hills, California until January 6, 2016, because IBM had put all offers on hold until the beginning of 2016. (See id. at ¶¶ 12-13). Plaintiff's total annual compensation was to be approximately $237,805.00, including a base salary of $130,000.00, $107,805.00 in sales incentives, and an additional $20,000.00 hiring bonus. (See id. at ¶ 13).

Plaintiff accepted IBM's employment offer and agreed to attend a required three-day orientation at the beginning of her employment, on February 8, 2016, in Austin, Texas. (See Dkt. 16, FAC at ¶ 15). On December 23, 2015, Stout had undergone abdominal surgery, but prior to the February 8, 2016, orientation, she became ill and experienced complications with her surgery, so she informed Chu that she could not attend the orientation session. (See id. at ¶ 16). Chu told her that she did not have to attend the orientation session and instead, she could simply start work on February 22, 2016, at an IBM trade show in Las Vegas, Nevada. (See id.). Stout also told Chu that HR had previously advised her that she was required to attend the orientation prior to starting her employment. (See id.).

As part of IBM's "on-boarding process," both Chu and Stout were told to report to IBM's Las Vegas office on February 22, 2016, in order to complete her paperwork. (See Dkt. 16, FAC at ¶ 17). However, Chu instead told Stout to arrive at the trade show the day before on February 21, 2016, to attend an event with him and insisted that she do so despite her concerns about HR's instructions. (See id. at ¶ 18).

On February 21, 2016, at 3:00 p.m., Chu met with Stout and gave her an IBM laptop, but told her he had not received any paperwork for her, and that she needed to go to her room to follow up with HR. (See FAC at ¶ 19). At 4:30 p.m., Chu sent Stout a text message telling her to go to Room A&D so that he could introduce her to colleagues. (See Dkt. 16, FAC at ¶ 20). When she tried to find Room A&D, she discovered that no such room existed. (See id. at ¶ 21). Despite her best efforts, she was unable to contact Chu by telephone or text message. (See id.). Over an hour passed before plaintiff could find Chu, who yelled at and berated her in front of others in a public area, and claimed that she was "incompetent" and must have "mental issues." (See id. at ¶ 22). After pulling her aside, Chu continued to yell at her some more and Stout began to cry. (See id.). Chu threatened to change the terms of IBM's employment offer. (See id. at ¶¶ 23-24).

Stout then reminded Chu that HR had asked her to report to IBM's Las Vegas office on February 22, 2016, but Chu told her not to do so and instead instructed her to attend a session of the trade show. (See Dkt. 16, FAC at ¶ 25). Stout then went outside to wait in a line for a shuttle to get to the trade show. (See id. at ¶ 26). Due to the long line and the lingering effects of her abdominal surgery, plaintiff began to feel unwell and could no longer stand the pain. (See id.). She decided not to go to the trade show session, and tried to call but could not reach Chu to inform him of the fact she could not attend the session. (See id. at ¶¶ 26-27). Stout returned to her hotel room when shortly after 1:00 p.m., she was informed by hotel security that her manager or husband was trying to reach her. (See id. at ¶¶ 30-32). When she called Chu, he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4914 FMO (AJWx) | Date | **August 30, 2016** |
|---|---|---|---|
| Title | **Stout v. International Business Machines Corporation, et al.** | | |

once again berated her, questioned her mental fitness and competency, and threatened to fire her on the spot. (See id. at ¶¶ 33, 40). Chu eventually told plaintiff that he would be speaking with other IBM executives about her and would let her know the next day if she still had a job with IBM. (See id. at ¶ 34-35). Chu also ordered her to stay in her room for the rest of the day and night, and forbade her from leaving her room. (See id. at ¶ 38). Later that night, Stout submitted a complaint via email to HR detailing Chu's actions; she never received a response to the initial complaint or any of her subsequent emails to HR. (See id. at ¶¶ 41-43).

The following day, February 23, 2016, Stout met with Chu and Mullaney, who was angry because of her HR complaint the prior night. (See Dkt. 16, FAC at ¶¶ 45-46). Mullaney angrily told plaintiff to go back to her room immediately and return her laptop to him. (See id. at ¶ 47). When she went back to her hotel room to get the laptop, she was having trouble walking quickly due to her abdominal condition, but Mullaney called her and yelled at her for taking too long and hung up on her when she tried to explain. (See id. at ¶ 48). Mullaney then told her to return to her room and not leave until she heard from him again. (See id. at ¶ 49). According to Stout, this made her feel like a "criminal on house arrest." (See id.). Stout was not allowed to leave her room until 2:30 p.m., when Mullaney told her to come and sign employment-related paperwork that should have been completed at IBM's Las Vegas office. (See id. at ¶ 50). Mullaney also dismissed Stout's complaints about feeling uncomfortable about how the matter was being handled and told her to immediately leave the trade show, return her badge, return to her room, and prepare to be driven to the airport. (See id. at ¶¶ 51-53). Mullaney also told Stout that HR had become involved and that she should have gone to the IBM Las Vegas office to complete her paperwork before attending the trade show. (See id. at ¶¶ 54-55). Mullaney then forced plaintiff to get into a car with him so he could drive her to the airport. (See id. at ¶ 56). He also falsely led her to believe that her job was not in jeopardy. (See id.).

On February 29, 2016, Mullaney informed Stout that her employment was being terminated, effective February 26, 2016. (See Dkt. 16, FAC at ¶ 64).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4914 FMO (AJWx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | Stout v. International Business Machines Corporation, et al. | | |

removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

## DISCUSSION

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). While the FAC was filed pursuant to Federal Rule of Civil Procedure Rule 15(a)(1)(B),[3] "[f]ederal courts have concluded that when an amendment would deprive the court of subject matter jurisdiction, a party may not rely on Rule 15(a) to amend a pleading without leave of court; such an amendment must instead be analyzed pursuant to § 1447(e)." Dooley v. Grancare, LLC, 2015 WL 6746447, *2 (N.D. Cal. 2015); see Forward-Rossi v. Jaguar Land Rover N.A., LLC, 2016 WL 3396925, *2 (C.D. Cal. 2016) ("Rule 15, however, does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant.") (internal quotation marks omitted); Hardin v. Wal-Mart Stores, Inc., 813 F.Supp.2d 1167, 1173 (E.D. Cal. 2011) ("Plaintiffs may not circumvent 28 U.S.C. § 1447(e) by relying on Fed. Rule Civ. Proc. 15(a) to join non-diverse parties."); Clinco v. Roberts, 41 F.Supp.2d 1080, 1086-88 (C.D. Cal. 1999) (concluding that "a diversity-destroying amendment must be considered under the standard set by § 1447(e) even if it is attempted before a responsive pleading is served"). "The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

---

[3] Rule 15(a)(1)(B) permits a party to amend its pleadings once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." On July 12, 2016, defendants filed a Motion to Dismiss and/or Strike Pursuant to Rules 12(b)(1) and 12(f). (See Dkt. 7 at 1). The FAC was filed within 21 days on July 29, 2016. In the Motion to Strike, defendants concede that Stout has complied with Rule 15(a). (See Dkt. 22, Motion to Strike at 6; Dkt. 24, Opp. at 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4914 FMO (AJWx) | Date | **August 30, 2016** |
|---|---|---|---|
| Title | **Stout v. International Business Machines Corporation, et al.** | | |

"Courts generally consider the following factors when deciding whether to allow amendment to add non-diverse defendants under 28 U.S.C. § 1447: (1) whether the new defendants should be joined under Fed.R.Civ.P. 19(a) as 'needed for just adjudication'; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff."[4] Calderon v. Lowe's Home Ctrs., LLC, 2015 WL 3889289, *3 (C.D. Cal. 2015) (citing Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 (C.D. Cal. 2000)). "Any of these factors might prove decisive, and none is an absolutely necessary condition for joinder." Cruz, 2012 WL 2838957, at *4 (internal quotation marks omitted).

In both the Opposition and the Motion to Strike, IBM argues[5] that: (1) Mullaney is not a necessary party in this litigation under Rule 19(a); (2) Stout's claims against Mullaney are not time-barred; (3) the Complaint suggests Stout was already aware of Mullaney and her interactions with him and therefore the delay in joining him is unreasonable; (4) joinder has been purposely calculated to destroy subject matter jurisdiction; (5) the claims asserted against Mullaney are invalid; and (6) Stout will not be prejudiced if joinder is denied because all the claims against Mullaney are weak and regardless, IBM would be vicariously liable for any wrongdoing on the part of Mullaney. (See Dkt. 22, Motion to Strike at 6-10; Dkt. 24, Opp. at 5-10).

I.   NECESSARY PARTY.

As to the first factor, "[a] court may find that joinder is appropriate for the just adjudication of the controversy if there is a high degree of involvement by the defendant in the occurrences that gave rise to the plaintiff's cause of action." McGrath v. Home Depot USA, Inc., 298 F.R.D. 601,

---

[4] The court notes that IBM has failed to cite to any relevant authority with respect to the second, third, and fourth factors. (See, generally, Dkt. 22, Motion to Strike at 7-9; Dkt. 24, Opp. at 6-8).

[5] IBM briefly characterizes Mullaney as a "sham defendant." (See Dkt. 22, Motion to Strike at 5; Dkt. 24, Opp. at 4). To the extent IBM is asserting fraudulent joinder, IBM bears the burden of proof and there is a presumption against fraudulent joinder. See Santos v. Wells Fargo Bank, N.A., 2013 WL 1339585, *1 (S.D. Cal. 2013). "Fraudulent joinder must be proven by clear and convincing evidence[,]" Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir.2007), but IBM has not presented any specific argument or evidence in support of this contention. (See, generally, Dkt. 22, Motion to Strike at 5; Dkt. 24, Opp. at 4). Some courts have also concluded that the fraudulent joinder analysis "'is subsumed in the consideration in a section 1447(e) analysis of whether plaintiff can state a valid claim against the party sought to be joined.'" See Mcdonald v. Forest Labs., Inc., 2013 WL 1949349, *2 (N.D. Cal. 2013) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4914 FMO (AJWx) | Date | **August 30, 2016** |
|---|---|---|---|
| Title | **Stout v. International Business Machines Corporation, et al.** | | |

608 (S.D. Cal. 2014). "Courts disallow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action or would not prevent complete relief." IBC Aviation Servs. v. Compañia Mexicana de Aviacion, S.A. de C.V., 125 F.Supp.2d 1008, 1012 (N.D. Cal.2000). The standard under Federal Rule of Civil Procedure 19 "is met when failure to join will lead to separate and redundant actions. Although courts consider whether a party would meet Fed. R. Civ. Proc. 19's standard for a necessary party, amendment under § 1447(e) is a less restrictive standard than for joinder under Fed. R. Civ. Proc. 19." Id. at 1011-12 (internal citation omitted).

In IBC, the court found the joinder of a non-diverse defendant to be proper because the plaintiff claimed the defendant "was the principal person responsible for the acts underlying its claim against [the other defendants]" and therefore such a defendant "bears more than a tangential relationship to the cause of action." See IBC, 125 F.Supp.2d at 1012; Forward-Rossi, 2016 WL 3396925, at *3 (finding a non-diverse defendant to satisfy the requirement because "[r]esolution of these claims will likely require many of the same documents and witnesses and turn on many of the same legal and factual questions"). IBM argues this factor weighs against joinder because the FAC shows that IBM is the only necessary defendant given that Mullaney was not acting outside the scope of his employment and consequently, IBM would be vicariously liable for any wrongdoing. (See Dkt. 22, Motion to Strike at 7).

"A supervisor may be held personally liable for workplace harassment under the FEHA if the supervisor[] 'personally engages in . . . harassing conduct[.]'" Hugais v. Sara Lee Corp., 2013 WL 3929141, *2 (N.D. Cal. 2013) (quoting Fiol v. Doellstedt, 50 Cal.App.4th 1318, 1327 (1996); Cal. Gov't Code § 12940(I)). At the very least, Mullaney is highly involved with respect to Stout's harassment and failure to prevent harassment claims. Further, Mullaney's alleged actions on February 23, 2016, are central to Stout's and false imprisonment claims. (See Dkt. 16, FAC at ¶¶ 44-73). For instance, plaintiff alleges that Mullaney was the person who told her to go back to her room and not to leave the room. (See id. at ¶¶ 49-50). He was also the person who allegedly forced her to get into a car to drive to the airport.[6] (See id. at ¶ 56). In short, the court finds that this factor weighs in favor of remand. See McGill v. Nat'l. Specialty Ins. Co., 2012 WL 6596596, *3 (D. Ariz. 2012) (concluding allegations showing a defendant was "significantly involved in the

---

[6] These allegations lead to the conclusion that IBM's reliance on McGrath, (see Dkt. 22, Motion to Strike at 6; Dkt. 24, Opp. at 6), is unavailing. While the McGrath court concluded that the plaintiffs had failed to plead a basis for relief against the individual defendants "separate and apart from the relief sought against" their employer, the court based its decision on the failure to show how the individual defendants were "either necessary to or highly involved" in the allegations. See 298 F.R.D. at 608 (emphasis added). Here, Mullaney is both necessary to Stout's claims and also highly involved in the allegations of the FAC. Likewise, IBM's citation to Davoodi v. Affiliated Comput. Servs., 2016 WL 94239 (C.D. Cal. 2016) (see Dkt. 22, Motion to Strike at 6; Dkt. 24, Opp. at 6) is inapposite because that case involved student loan debts and did not include a harassment claim against a supervisor.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4914 FMO (AJWx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | Stout v. International Business Machines Corporation, et al. | | |

occurrence giving rise to Plaintiffs' claims" was sufficient to satisfy "the less restrictive joinder standard under § 1447(e).").

II.     STATUTE OF LIMITATIONS

"When a claim is timely filed in state court and then removed, a finding that the statute of limitations would preclude the filing of a new, separate action against a party whose joinder has been denied in the federal proceeding, may warrant remand." Murphy v. Am. Gen. Life Ins. Co., 74 F.Supp.3d 1267, 1284 (C.D. Cal. 2015). Before filing a lawsuit for violations of FEHA, a plaintiff must "exhaust all administrative remedies by filing a timely and sufficient complaint with the DFEH" and any administrative claim must be filed within "one year from the date of the unlawful act[.]" Ellis v. U.S. Sec. Assocs., 224 Cal.App.4th 1213, 1221 (2014); see Cal Gov't Code §12960(d). "[A]ny lawsuit must be filed within one year from the date of the right-to-sue letter." Ellis, 224 Cal.App.4th at 1221, citing Cal Gov't Code §§ 12965(b); see Jumaane v. City of Los Angeles, 241 Cal.App.4th 1390, 1400 (2015) ("A plaintiff suing for violations of FEHA ordinarily cannot recover for acts occurring more than one year before the filing of the DFEH complaint."). A cause of action for false imprisonment also has a one-year statute of limitations. See Cal. Code Civ. Proc § 340(c).

In this case, Stout's injuries occurred on February 29, 2016. (See Dkt. 18, Motion at 7; Dkt. 16, FAC at ¶¶ 63-83). IBM argues that, "because the statutes of limitation for the claims alleged against Mullaney have not expired, this factor weighs against joinder in the instant matter." (See Dkt. 22, Motion to Strike at 7; Dkt. 24, Opp. at 6).

"Generally, if a statute of limitations does not bar a plaintiff from filing suit in state court, a federal court may be less inclined to permit joinder of a non-diverse defendant because he could still theoretically seek relief from state court." Vasquez v. Wells Fargo Bank, Natl. Assn., 77 F.Supp.3d 911, 922 (N.D. Cal. 2015) (internal quotation marks omitted). However, the court agrees with many of the other courts within this circuit that the possibility that the plaintiff may still bring a state action does not outweigh the interests of judicial economy and the avoidance of inconsistent verdicts. See, e.g., Dollens v. Target Corp., 2011 WL 6033014, *3 (N.D. Cal. 2011) ("This case is in its early stages, and the interests of efficiency and justice would be served by allowing claims against both [defendants] to be resolved in one action."); Rodd v. Stillwater Ins. Co., 2016 WL 3970862, *2 (D. Ariz. 2016) (finding that "even if the plaintiff can still file a timely separate action against [the defendant] in state court, such a result would conflict with a purpose of joinder, which is the avoidance of the risk of multiple litigation involving the same subject matter, and the Court declines to adopt the possibility of a new state court action as a sole basis for denying the plaintiff's motion to amend"); IBC, 125 F.Supp.2d at 1012 (concluding that even though a state action was still possible, "requiring [the plaintiff] to litigate essentially the same issues in two forums would be a waste of judicial resources and risk[] inconsistent results"); Graunstadt v. USS-Posco Inds., 2010 WL 3910145, *3 (N.D. Cal. 2010) (noting that requiring a plaintiff to litigate essentially identical issues in two separate forums would be a waste of judicial resources); Yang v. Swissport USA, Inc., 2010 WL 2680800, *4 (N.D. Cal. 2010) (ruling the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4914 FMO (AJWx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | Stout v. International Business Machines Corporation, et al. | | |

interests in conserving judicial resources and avoiding inconsistent results outweighs the possibility of bringing a claim in state court). Therefore the court finds this factor supports remand.

III.  TIMELINESS

With regards to the third factor of timeliness, the court is not persuaded by IBM's contention, (see Dkt. 22, Motion to Strike at 8, Dkt 24, Opp. at 6-7), that the short delay is unreasonable. Stout has not delayed in seeking to remand as she filed the FAC and the instant motion within one month of removal. See, e.g., Clinco, 41 F.Supp.2d at 1083 (finding that a period of six weeks between the filing of the complaint and the motion to remand "is not an unreasonable amount of time"); Boon v. Allstate Ins. Co., 229 F.Supp.2d 1016, 1023 (C.D. Cal. 2002) ("Plaintiffs' did not unreasonably delay in filing their First Amended Complaint where it was filed less than three months after they filed their original complaint in Superior Court, and less than a month after removal."). The court concludes that this factor weighs in favor of remand.

IV.  WHETHER JOINDER IS SOLELY INTENDED TO DEFEAT FEDERAL JURISDICTION.

The fourth factor of whether joinder is solely intended to defeat jurisdiction and the fifth factor of whether the claims against the new defendant appear valid "are intertwined[.]" See McGrath, 298 F.R.D. at 608 (explaining that "an assessment as to the strength of the claims against the proposed new [d]efendants bears directly on whether joinder is sought solely to divest this Court of jurisdiction"). IBM characterizes the amendment as appearing calculated to deprive the court of subject matter jurisdiction because the original Complaint establishes that Stout was already aware of Mullaney and her claims against him at the time she filed her initial Complaint, but she only added claims against him shortly after the action was removed to this court. (See Dkt. 22, Motion to Strike at 8).

"The [fourth factor] is often framed in terms of whether the sole purpose of seeking to join the non-diverse defendant is to defeat diversity jurisdiction." Murphy, 74 F.Supp.3d at 1285. In considering the fourth factor, Stout's counsel has declared that "[t]he addition of Mullaney is required to cure defects in the pleading as [Stout] had neglected to include her harassment cause of action but had plead failure to prevent harassment" and because "it also has come [sic] obvious that Mullaney's intentional deprivation of [Stout's] movement was actionable." (See Dkt. 18, Declaration of Jennifer Ostertag at ¶ 9). A review of the Complaint reveals that the bases for the new harassment and false imprisonment claims already existed in the Complaint. Specifically, the Complaint already contained allegations that Mullaney called and harassed her. (See Dkt. 1-2, Complaint at ¶ 50). The Complaint also included the same allegations that Mullaney told her to go to her room and stay there, made her feel "like a criminal[,]" and forced her into a car. (See id. at ¶¶ 49-63).

There are, however, other factors weighing in favor of remand. First, under California law, a claim for failure to prevent harassment cannot be maintained absent an underlying claim for harassment. See Dickson v. Burke Williams, Inc., 234 Cal.App.4th 1307, 1309 (2015) (holding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4914 FMO (AJWx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | Stout v. International Business Machines Corporation, et al. | | |

that "[a] claim for failure to take reasonable steps necessary to prevent sexual harassment cannot prevail when the necessary element of sexual harassment is not established"). Therefore amendment is necessary to maintain the failure to prevent harassment claim that was previously asserted.

Second, while Stout may have been aware of Mullaney's actions when she filed her original Complaint, and IBM seeks to infer improper motive based on the subsequent amendments, "the court finds that defendants have not produced evidence demonstrating this intention." Gunn v. Wild, 2002 WL 356642, *5 (N.D. Cal. 2002). Third, by filing a FAC, Stout is doing nothing more than exercising her right to amend the complaint "once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). Finally, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." IBC, 125 F.Supp.2d at 1012; accord Lara v. Bandit Industries, Inc., 2013 WL 1155523, *3 (E.D. Cal. 2013). In short, the court finds that the fourth factor weighs in favor of remand.

V.      THE VALIDITY OF THE CLAIMS.

In considering the fifth factor, "the [c]ourt need only determine whether the claim seems valid" which is not the same as the standard in either a motion to dismiss or a motion for summary judgment. See Freeman v. Cardinal Health Pharm. Servs., LLC, 2015 WL 2006183, *3 (E.D. Cal. 2015) (rejecting defendants' assertion that "the Court should consider whether the amended complaint could be defeated by a motion to dismiss") (internal quotation marks omitted); Taylor v. Honeywell Corp., 2010 WL 1881459, *3 (N.D. Cal. 2010) ("The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under section 1447(e)."). According to IBM, the FAC fails to allege a claim against Mullaney and even viewed in the most favorable light, the claims against him "are weak at best." (See Dkt. 22, Motion to Strike at 9; Dkt. 24, Opp. at 8-9).

One of the additional claims in the FAC is a false imprisonment claim against Mullaney. (See Dkt. 16, FAC at p. 36-37). In California, "the tort [of false imprisonment] consists of the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short. That length of time can be as brief as 15 minutes. Restraint may be effectuated by means of physical force, threat of force or of arrest, confinement by physical barriers, or by means of any other form of unreasonable duress." Fermino v. Fedco, Inc., 7 Cal.4th 701, 715 (1994) (internal citations and quotation marks omitted).

According to plaintiff, Mullaney told her to return to her room and not leave until she heard from him again which made her "feel like a criminal on house arrest." (See Dkt. 16, FAC at ¶ 49). Plaintiff also claims she "was not allowed out of her room until about 2:30 p.m." (Id. at ¶ 50). Later, she "felt completely violated" when Mullaney "forced her to get into a car with him" to go to the airport. (See id. at ¶ 56). Although Stout has not alleged that she was physically prevented from leaving or that she was threatened with force, "it is clear that force or the threat of force are not the only means by which the tort of false imprisonment can be achieved. Fraud or deceit or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4914 FMO (AJWx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | Stout v. International Business Machines Corporation, et al. | | |

any unreasonable duress are alternative methods of accomplishing the tort." Scofield v. Critical Air Med., Inc., 45 Cal.App.4th 990, 1002 (1996). "A person is falsely imprisoned if [she] is wrongfully deprived of [her] freedom to leave a particular place by the conduct of another." Schanafelt v. Seaboard Fin. Co., 108 Cal.App.2d 420, 422-23 (1951). "Words or conduct furnishing a reasonable apprehension on the part of the one restrained that [s]he will not be allowed to depart is sufficient." Id. at 423. Stout claims that Mullaney harassed and yelled at her before telling her to go back into her room and not to leave, which suggests that she felt she could not leave because of Mullaney's angry demeanor and threats. (See Dkt. 16, FAC at ¶¶ 48-49).

Under the circumstances, the court concludes that Stout has sufficiently stated a valid claim against Mullaney and such a showing weighs in favor of remand. See Negrete v. Meadowbrook Meat Co., 2012 WL 254039, *7-8 (C.D. Cal. 2012) (finding the defendants had failed to show there was "no possibility" that plaintiff could state a claim against the proposed defendant) (emphasis omitted); Cruz, 2012 WL 2838957, *6 (concluding that while the plaintiff's claim "may not be particularly strong, it does not appear that Plaintiff added a frivolous claim against these newly added Defendants solely to defeat diversity jurisdiction"); Ruscigno v. Hillstone Rest. Grp., Inc., 2010 WL 934265, *3 (N.D. Cal. 2010) (finding that the apparent validity of one claim favors joinder and remand even when the other claims may not be valid); McDonald, 2013 WL 1949349, at *2 (explaining that plaintiff "need only state one valid claim for purposes of [§ 1447(e)]"). Given the court's determination that Stout has alleged at least one valid claim against Mullaney for false imprisonment, the court need not evaluate the validity of the other claims. See Khoshnood v. Bank of Am., 2012 WL 751919, *7 (C.D. Cal. 2012) (declining to analyze the validity of other claims after the court found the existence of one valid claim).

VI.    PREJUDICE.

Finally, as for the sixth factor of prejudice, any prejudice to a plaintiff "exists if the proposed defendant is crucial to the case" and "does not exist if complete relief can be afforded without that defendant." McCarty v. Johnson & Johnson, 2010 WL 2629913, *9 (E.D. Cal. 2010) (internal quotation marks omitted). The court does not find IBM's argument that Stout will suffer little or no prejudice because her claims against Mullaney are weak and the assertion that IBM will be vicariously liable for any wrongdoing compelling. (See Dkt. 22, Motion to Strike at 10; Dkt. 24, Opp. at 9). Given that Mullaney is central to Stout's harassment, failure to prevent harassment, and false imprisonment claims, the court finds that Stout will be prejudiced by Mullaney's absence and therefore this factor weighs in favor of remand.

**CONCLUSION**

In sum, the court finds that all the factors weigh in favor of remand and concludes that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4914 FMO (AJWx) | Date | **August 30, 2016** |
|---|---|---|---|
| Title | **Stout v. International Business Machines Corporation, et al.** | | |

plaintiff's motion to remand should be granted.[7] See Galerie Homeowners Ass'n v. Chartis Prop. Cas. Co., 2012 WL 3112067, *2 (C.D. Cal. 2012) ("Once a district court joins a non-diverse defendant under § 1447(e), remand becomes mandatory.").

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1.  Plaintiff's Motion to Remand the Action to California Superior Court (**Document No. 18**) is **granted.**

2.  Defendants' Motion to Strike **(Document No. 22)** is **denied**.

3.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

4.  The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | vdr |

---

[7] As the action will be remanded to state court, IBM's contention that Stout should be required to file an amended complaint using her real name is moot.